# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DAVID THRASHER, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 4:12CV01828 NAB |
| STATE OF MISSOURI, | ) ) ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner's petition for writ of mandamus pursuant to 28 U.S.C. § 1651. The petition will be summarily dismissed.

Petitioner seeks to challenge the constitutionality of two separate state judgments. First, he claims that his 1982 conviction for robbery and kidnapping is unconstitutional because the state judge erred in admitting evidence from his lineup and lineup photos. Second, he claims that his 1992 conviction for possessing marijuana while in prison is invalid because changes were made to the indictment that were not resubmitted to the grand jury for approval. Plaintiff is currently serving a cumulative prison sentence of forty years.

Petitioner previously brought a habeas petition under 28 U.S.C. § 2254 challenging his 1982 conviction. See Thrasher v. State of Missouri, 4:92-CV-1628

ELF (E.D. Mo.) aff'd 104 F.3d 364 (8th Cir. 1996) (table opinion).  The Court has no record of any habeas petition having been brought regarding the 1992 conviction.

An application by a prisoner that asserts a federal basis for relief from a state court's judgment of conviction must comply with the second or successive restrictions under 28 U.S.C. § 2244.  Gonzalez v. Crosby, 545 U.S. 524, 530-31 (2005) (finding Rule 60(b) motion to be a "habeas corpus application" where it challenged the basis of the conviction).  Thus, if the motion's factual predicate deals primarily with the constitutionality of the underlying state or federal conviction or sentence, it should be construed as a second or successive habeas petition.  See, e.g., Peach v. United States, 468 F.3d 1269, 1272 (10th Cir. 2006) (challenges to the "underlying conviction and sentence" subject to second or successive restrictions).  Regardless of the fact that petitioner titled his pleadings as a petition for writ of mandamus, the subject matter concerns the constitutionality of his underlying convictions and sentences.  As a result, the petition must be treated as a petition for writ of habeas corpus under § 2254.  As such, petitioner's allegations regarding his 1982 conviction  are successive.  Before petitioner may bring a successive claim in this Court, he must first obtain permission from the Eighth Circuit Court of Appeals.  28 U.S.C. § 2244.

Under Rule 2(e) of the Rules Governing § 2254 Cases, a "petitioner who seeks relief from judgments of more than one state court must file a separate petition covering

the judgment or judgments of each court."  That is, petitioner may not seek to overturn both his 1982 and 1992 convictions in the same habeas petition.  As a result, the Court will dismiss petitioner's allegations regarding his 1992 conviction without prejudice. Plaintiff is warned, however, that any challenge to his 1992 conviction is subject to the limitations period set forth in 28 U.S.C. § 2254(d).[1]  C.f. Peterson v. Gammon, 200 F.3d 1202, 1204 (8th Cir. 2000) ("time before the effective date of AEDPA, April 24, 1996, is not counted in computing the one-year period of limitation [under § 2244(d)].

---

[1] Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Prisoners whose judgments of conviction became final before the effective date of AEDPA are given a one-year period after that date, or until April 24, 1997, plus any additional periods during which the statute is tolled.").

For these reasons, petitioner is not entitled to federal habeas relief, and this action will be dismissed under Rule 4 of the Rules Governing § 2254 Cases. Furthermore, petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Khaimov v. Crist, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [ECF No.2] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's petition for writ of mandamus [ECF No. 1] is **DISMISSED**.

So Ordered this 17th day of October, 2012.

*E. Richard Webber*

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE